UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNA CAUSEY,

    Plaintiff,

v.     Case No: 8:21-cv-2046-AAS

UNITED STATES OF
AMERICA,

    Defendant.
_____/

**FOURTH AMENDED CASE MANAGEMENT AND
SCHEDULING ORDER**

Pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure, the parties consented to proceed before the undersigned (Doc. 29). Upon consideration of the motion to extend remaining deadlines (Doc. 42), the court enters this Fourth Amended Case Management and Scheduling Order, the provisions of which will be strictly enforced. No further extensions will be granted absent extraordinary circumstances.

1. **Deadlines.** The parties are directed to meet the following deadlines:

| | |
|---|---|
| **Defendant Expert Disclosure** | **June 20, 2024** |
| **Rebuttal Expert Disclosure** | **July 19, 2024** |
| **Discovery Deadline** | **August 19, 2024** |

1

| **Dispositive Motions and Daubert Motions** | September 18, 2024 |
|---|---|
| **Joint Pretrial Statement** | November 15, 2024 |
| **Motion(s) in Limine** | November 15, 2024 |
| **Trial Briefs and Deposition Designations** | November 15, 2024 |
| **Final Pretrial Conference**<br>Date:<br>Time:<br>Location: | November 22, 2024<br>10:00 A.M<br>Courtroom 10B[1] |
| **Bench Trial** | January 21, 2025 – January 27, 2025 |

2. **Extensions Disfavored.** Motions to amend any pleading or a motion for continuance of the pretrial conference after issuance of this Fourth Amended Case Management and Scheduling Order are disfavored. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

3. **Summary Judgment Procedures**. The following procedures must be followed:

    (a) A party's claims or defenses for which summary judgment is sought must be presented in a single motion and incorporated memorandum of law, which, absent prior permission of the court, may not exceed twenty-five (25) pages. Multiple motions for summary judgment will not be permitted. Any record citations should be to the page and line, if appropriate, of the filed materials.

    (b) Before filing a motion for summary judgment, the moving party must confer in good faith with the party or parties against whom summary judgment is sought to narrow the factual issues in dispute. A party, by separate filing

---

[1] Courtroom may change based on availability.

        submitted contemporaneously with the motion for summary judgment and incorporated memorandum of law, must certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. The moving party must file a separate "Joint Statement of Undisputed Facts" (not exceeding 20 pages in length), agreed upon by all parties and with citations to the record, which shall accompany the motion for summary judgment.

(c) Any party opposing a summary judgment motion must file a memorandum of law in opposition no later than the time allotted under Local Rule 3.01(c). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, the opposing party must include those disputed facts, with citations to the record, in the memorandum responding to the motion for summary judgment. All material facts set forth by the moving party shall be deemed admitted unless controverted by the opposing party in the response to the motion for summary judgment.

(d) Failure to respond to a motion for summary judgment may result in final judgment being entered without a trial or other proceeding.

(e) Oral argument or hearings will be held if necessary by the court.

(f) A violation of these directives may result in the court *sua sponte* striking a party's motion for summary judgment or response without notice.

4. **Final Pretrial Conference**. The parties are directed to meet the pretrial disclosure requirements and deadlines in Rule 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. Counsel who will act as lead trial counsel in the case and is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial must attend the Final Pretrial Conference.

5. **Settlements**. Counsel must immediately notify Chambers if the case has settled. *See* Local Rule 3.09. Any telephonic notices of

settlement must be followed by notice in writing. Failure to notify the court of a settlement before noon on the Friday before the trial date may result in the parties being assessed costs for the jury venire.

**ORDERED** in Tampa, Florida on June 10, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4