UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOANNA CAUSEY,**

        **Plaintiff,**

v.                                                        **Case No. 8:21-cv-2046-AAS**

**UNITED STATES OF AMERICA,**

        **Defendant.**
_____/

## ORDER

Defendant United States of America (USA) filed a motion for partial summary judgment on damages related to Plaintiff Joanna Causey's future medical expenses. (Doc. 55). Ms. Causey responds in opposition, and USA replies. (Docs. 62, 65).

This action concerns a motor vehicle accident that occurred on November 10, 2019. (Doc. 1, ¶¶ 6–9). The accident involved USA employee Kenneth Weber and Ms. Causey. (Doc. 1, ¶ 8). Ms. Causey underwent various medical treatments following the accident. (Doc. 68, ¶ 1). On October 18, 2023, orthopedic surgeon Dr. Fredrick Junn replaced two discs in Ms. Causey's vertebrae. (Doc. 68, ¶ 6). Ms. Causey has not undergone medical care related to the accident since January 16, 2024. (Doc. 68, ¶ 15). USA moves for summary judgment only on the issue of damages related to Ms.

1

Causey's future medical expenses. (Doc. 55).

An order granting summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Typically, parties show there is no genuine dispute of any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, summary judgment can be appropriate when there is an absence of any admissible evidence to support a material fact. Fed. R. Civ. P. 56(c)(1)(B). "When a party fails to proffer a sufficient showing to establish the existence of an element on which that party will bear the burden of proof at trial, there is no genuine dispute regarding a material fact." *Chapman v. Procter & Gamble Distrib.*, LLC, 766 F.3d 1296, 1313 (11th Cir. 2014) (citations and quotations omitted).

The material fact in dispute here is whether there is any evidence that could create an inference of the reasonably certain need for future medical treatment. USA argues the court should grant summary judgment in their favor on the issue of damages related to Ms. Causey's future medical

2

expenses because "there is no evidence suggesting that Plaintiff will seek or obtain any medical care in the future." (Doc. 55, p. 5). Ms. Causey argues her deposition showing her willingness to get future medical treatment and the testimony of her expert, Dr. Venezia, create a genuine dispute about whether she is reasonably certain to incur future medical expenses. (Doc. 62, pp. 3–8).

"Only medical expenses that are reasonably certain to be incurred are recoverable." *Korsing v. United States*, No. 16-22190-CIV, 2018 WL 11346676, at *2 (S.D. Fla. Sept. 11, 2018) (citing *Loftin v. Wilson*, 67 So. 2d 185, 188 (Fla. 1953)). A party can prove future medical expenses through expert medical testimony, evidence of the nature and duration of the injury, consequences stemming from the injury, level of recovery at the time of trial, and other evidence creating a reasonable inference of the need for future medical treatment. *Sullivan v. Price*, 386 So. 2d 241, 244 (Fla. 1980). Ms. Causey's expert, Dr. Venezia, opines Ms. Causey may receive a number of future treatments "based on a reasonable degree of certainty to manage symptoms, reduce complications, secondary diagnosis, maintain functioning, and optimize independence throughout Ms. Causey's lifespan." (Doc. 55-2, p. 2). Ms. Causey also states she will testify at trial "that she will seek further treatment." (Doc. 62, p. 6).

USA's motion largely details facts they believe dismantle Ms. Causey's assertion that she will incur future medical expenses, especially focusing on

what USA believes are holes in Dr. Venezia's expert opinion. (*See* Doc. 55). USA will have the opportunity to contradict the evidence and testimony Ms. Causey presents at trial about her damages related to future medical expenses. Because Ms. Causey identified evidence in the record that could support her claim of a reasonable certainty of future medical expenses, there is a genuine dispute to a material fact and summary judgment is not warranted. Instead, this is an issue to be resolved after trial testimony. Accordingly, USA's motion for summary judgment (Doc. 55) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 19, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge