UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOANNA CAUSEY,**

    **Plaintiff,**

v.                                 **Case No.: 8:21-cv-02046-AAS**

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## ORDER

Defendant United States of America (USA) moves to exclude the causation opinions of treating providers Dr. Donald Pethel, Dr. Howard Wright, Dr. Tejpaul Pannu, Dr. Karl Freydl, Dr. Fredrick Junn, and Doctor of Physical Therapy (DPT) Adam Vliet. (Doc. 56). Plaintiff Joanna Causey responds in opposition. (Doc. 63).

### I. BACKGROUND

This action concerns a motor vehicle accident that occurred on November 10, 2019. (Doc. 1, ¶¶ 6–9). The accident involved USA employee Kenneth Weber and Ms. Causey. (Doc. 1, ¶ 8). Ms. Causey underwent various medical treatments following the accident. (Doc. 68, ¶ 1).

In this motion to exclude testimony, USA does not dispute the challenged providers' diagnoses. (Doc. 56, pp. 1–2). Instead, USA contends the providers cannot establish a legally permissible causal link between the diagnoses and

1

Ms. Causey's accident, and therefore their causation testimony should be excluded. (Doc. 56, pp. 1–2). In response, Ms. Causey indicates she will not be introducing causation opinions from Dr. Wright, Dr. Fredyl, or DPT Vliet at trial. (Doc. 63, p. 2). Thus, USA's request is moot as to those providers. As for Dr. Pethel, Dr. Pannu, and Dr. Junn, Ms. Causey argues these providers are fully capable of giving sufficient, reliable opinions. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Evidence 702 instructs the courts on how to "perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n.7, 597 (1993)). Fed. R. Evid. 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule 702 demands courts "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert*, 509 U.S. at 589. However, in a bench trial, "[t]here is less need for the gatekeeper to keep the

gate when the gatekeeper is keeping the gate only for h[er]self." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).

### III. ANALYSIS

USA argues the causation opinions offered by Dr. Pethel, Dr. Pannu, and Dr. Junn are based solely on temporal proximity and must be excluded. (Doc. 56, pp. 13–21). Ms. Causey argues the court, as factfinder in this trial, can appropriately weigh the causation testimony and need not rule in advance to exclude it. (Doc. 63, p. 3).

The Southern District of Florida addressed similar arguments at the pretrial stage in *Cedant v. United States*. No. 19-24877-CIV, 2024 WL 3817543, at *3 (S.D. Fla. Aug. 14, 2024). The defendant in *Cedant*, who is the same defendant in this case, moved to exclude the causation testimony of two treating physicians in a case set for a bench trial. *Id.* at *2. Even noting USA's arguments for exclusion generally to be persuasive, the court refused to prematurely exclude the treating physicians' testimony because "[t]he Court is equipped to appropriately weigh or discount the experts' testimony, and the Court therefore need not rule in advance to exclude their causation testimony." *Id.* at *3. "In a non-jury trial little harm can result from the reception of evidence that could perhaps be excluded because the judge is presumably competent to disregard what [s]he thinks [s]he should not have heard, or to discount it for practical and sensible reasons." *Id.* (quoting *Multi-Medical*

3

*Convalescent & Nursing Center*, 550 F.2d 974, 977 (4th Cir. 1977)).

During trial, the court will exclude any testimony that does not meet the standards of Rule 702, but it is not necessary to make those determinations before the opportunity to hear Dr. Pethel, Dr. Pannu, and Dr. Junn's full testimony at trial. *See Huff v. United States*, No. 19-14100-CIV, 2022 WL 1126713. at *4 (S.D. Fla. Apr. 4, 2022), *report and recommendation adopted*, No. 19-14100-CIV, 2022 WL 1114960 (S.D. Fla. Apr. 14, 2022) ("The court, sitting as trier of fact, is in the best position to distinguish between persuasive and shaky expert evidence at trial and it is thus accepted that the importance of the pretrial exclusion process contemplated by *Daubert* is lessened in that situation.").

## IV.   CONCLUSION

Ultimately, the proceeding will be conducted as a bench trial. As a result, there will be no jury present to mislead or confuse and the court is well equipped to weigh or discount causation testimony at trial. Accordingly, USA's Motion to Exclude The Causation Opinions of Treating Providers (Doc. 56) as to Dr. Pethel, Dr. Pannu, and Dr. Junn is **DENIED**. The motion (Doc. 56) as to Dr. Wright, Dr. Fredyl, and DPT Vliet is otherwise **DENIED AS MOOT**.

**ORDERED** in Tampa, Florida on December 19, 2024.

                                                AMANDA ARNOLD SANSONE
                                                United States Magistrate Judge

5